# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                            )
v.                      )     I.D. # 1011012275
                            )
ANDRE MCDOUGAL,     )
                            )
      Defendant.    )

Submitted: June 11, 2020
Decided: July 31, 2020

## ORDER GRANTING DEFENDANT'S REQUEST FOR A CERTIFICATE OF ELIGIBILITY TO FILE UNDER 11 *Del. C.* § 4214(f) AND Del. Super. Ct. Spec. R. 2017-1(d)

This 31st day of July, 2020, upon consideration of the Request for Certificate of Eligibility filed on behalf of Andre McDougal (the "Request"), the Attorney General's response thereto,[1] and the record in this matter, it appears to the Court that:

1. On September 14, 2011, following a two-day trial, a jury convicted Andre McDougal of Trafficking in Heroin, Possession with Intent to Deliver Heroin (PWITD), and Possession of a Firearm by a Person Prohibited (PFBPP). Before sentencing, the State filed a motion to declare McDougal a habitual offender for all

---

[1] D.I. 101. *See also* D.I. 102, 104, 107.

three charges.[2] The Court granted the State's motion on December 15, 2011 and declared McDougal a habitual offender under 11 *Del. C.* § 4214(a) and (b). The Court then sentenced McDougal to the minimum sentence of two separate life sentences for the Trafficking and PWITD charges. The Court also sentenced McDougal to an additional five years for the PFBPP charge.

2. In 2016, the General Assembly amended the State's habitual offender law, 11 *Del. C.* § 4214, giving certain categories of previously sentenced habitual offenders an opportunity to file a motion for sentence modification. On December 9, 2019, McDougal filed a Request for a Certificate of Eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[3] The Attorney General responded, joined McDougal's Request, and asked the Court to grant McDougal a certificate of eligibility.[4]

5. After reviewing the record and counsel's submissions, the Court concludes McDougal meets the type-of-sentence and time-served eligibility

---

[2] The State moved to declare McDougal a habitual offender under then-extant 11 *Del. C.* § 4214(b) with respect to the Trafficking and PWITD charges and under then-extant 11 *Del. C.* § 4214(a) with respect to the PFBPP charge.
[3] D.I. 98; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).
[4] D.I. 101.

requirements set forth in 11 *Del. C.* § 4214(f).[5,6] The Attorney General has not demonstrated "by specific averment" that "there is a good faith basis to believe that . . . a petition [by McDougal] . . . may not be heard because the felony establishing [McDougal] as a habitual offender is one for which review is [not now]-permitted as provided for in 11 *Del. C.* § 4214(f) and [Del. Super. Ct. Spec. R. 2017-1](d)(11)."[7] The Attorney General instead has moved the Court to grant McDougal a certificate of eligibility.

6.      **FOR THE FOREGOING REASONS, IT IS ORDERED** that McDougal's Request for a Certificate of Eligibility is **GRANTED**, and he may file a petition seeking exercise of this Court's jurisdiction to modify the sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d). If McDougal intends to request that the Court consider the petition without regard for the preferred sequence set forth in Section 4214(f), such a request **SHALL** be included in the

---

[5] 11 *Del. C.* § 4217(f) (2017) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016," and that an inmate has met the time-served eligibility requirement when the inmate "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater.").

[6] As the Court explained in detail in its letter to counsel dated May 4, 2020, McDougal's mandatory sentence under that time-served requirement is eleven years: eight years for the PFBPP charge and 3 years for the Trafficking charge. Counsel agrees with that calculation. D.I. 104, 107. But, McDougal only was sentenced to five years for PFBPP. In light of that unusual circumstance, the Court is granting this certificate, which it believes is consistent with the purpose and intent of Section 4214(f).

[7] Del. Super. Ct. Spec. R. 2017-1(c)(5) (setting forth the content requirements for the Attorney General's written response to a request for certificate of eligibility).

3

petition. If a request to consider the petition outside the preferred sequence is made, the State **SHALL** respond to that request in its response to the petition.

7. This grant of a certificate of eligibility to seek relief is not a ruling on whether McDougal's sentence will be modified. That judgment will be left to the discretion of the Court.[8]

8. **IT IS FURTHER ORDERED** that the Department of Correction and the Department of Justice **SHALL**, consistent with a memorandum of understanding entered (or other protocols devised) for the express purpose of facilitating the lawful and efficient transfer of materials and information required for consideration of a petition under 11 *Del. C.*§ 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d), provide to McDougal's attorney of record, or counsel's designee, access to such materials and information without undue delay.[9]

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Patrick J. Collins, Esquire
      Annemarie H. Puit, Deputy Attorney General

---

[8] Del. Super. Ct. Spec. R. 2017-1(d)(9).
[9] Del. Super. Ct. Spec. R. 2017-1(c)(7).

4